IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 19-cv-002660-RM-SKC

CHADWICK JORDAN,

    Plaintiff,

v.

LISA FORBES, and
DAVID STEWARD,

    Defendants.

---

# ORDER

---

This lawsuit brought under 42 U.S.C. § 1983 is before the Court on the Recommendation of United States Magistrate Judge S. Kato Crews (ECF No. 61) to grant in part and deny in part Defendants' Motion to Dismiss (ECF No. 25).  Plaintiff has filed an Objection to the Recommendation (ECF No. 62), and Defendants filed a Response to Plaintiff's Objection (ECF No. 63).  For the reasons below, the Court overrules the Objection and accepts the Recommendation, which is incorporated into this Order by reference, *see* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

## I.     LEGAL STANDARDS

### A.     Review of a Magistrate Judge's Recommendation

Pursuant to Fed. R. Civ. P. 72(b)(3), this Court reviews de novo any part of the magistrate judge's recommendation to which a proper objection is made.  An objection is proper only if it is sufficiently specific "to focus the district court's attention on the factual and legal

issues that are truly in dispute." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). "In the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).

### B. Fed. R. Civ. P. 12(b)(6)

In evaluating a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must accept as true all well-pleaded factual allegations in the complaint, view those allegations in the light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor. *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1136 (10th Cir. 2014); *Mink v. Knox*, 613 F.3d 995, 1000 (10th Cir. 2010). The complaint must allege a "plausible" right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569 n.14 (2007); *see also id.* at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level."). Conclusory allegations are insufficient, *Cory v. Allstate Ins.*, 583 F.3d 1240, 1244 (10th Cir. 2009), and courts "are not bound to accept as true a legal conclusion couched as a factual allegation," *Twombly*, 550 U.S. at 555 (quotation omitted).

### C. Qualified Immunity

When a § 1983 defendant raises the defense of qualified immunity, it is the plaintiff's burden to show that an official violated a federal constitutional or statutory right and that the right was clearly established at the time of the conduct. *See Pearson v. Callahan*, 555 U.S. 223, 232 (2009).

### D. Treatment of a Pro Se Plaintiff's Pleadings

A pro se plaintiff's pleadings are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). But a pro se plaintiff must follow the same rules of procedure that govern other litigants, and the Court does not supply additional factual allegations to round out a complaint or construct legal theories on behalf of a pro se plaintiff. *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009). The Court may excuse a pro se plaintiff's failure to cite proper legal authority, confusion about various legal theories, poor syntax and sentence construction, or unfamiliarity with pleading requirements, but it does not act as the pro se plaintiff's advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## II. BACKGROUND

As set forth more fully in the Recommendation, Plaintiff attended the University of Colorado-Denver but was expelled after several disciplinary actions. Plaintiff is suing Defendants in their individual capacities. In the Amended Complaint (ECF No. 17), Plaintiff asserts that Defendant Steward, who issued the decision on Plaintiff's expulsion, violated his procedural and substantive due process rights. His claim against Defendant Forbes, a university psychotherapist with whom he was ordered to attend counseling sessions, is premised on her disclosure of information he revealed to her in confidence, including that he had recently purchased an AR-15 style rifle.

Defendants' Motion to Dismiss was referred to the magistrate judge, who determined that Plaintiff's claim against Defendant Forbes was barred by the Colorado Governmental Immunity Act ("CGIA") because the Amended Complaint did not allege willful and wanton action by

3

Defendant Forbes.  The magistrate judge further determined that any due process claim against Defendant Steward arising out of the first three disciplinary proceedings against Plaintiff was barred by the applicable statute of limitations.  With respect to the fourth disciplinary proceeding, the magistrate judge determined that Plaintiff's substantive due process claim—but not his procedural due process claim—was time-barred because the appeal of that proceeding was not complete two years before Plaintiff filed this lawsuit.  With respect to the fifth disciplinary proceeding, the magistrate judge determined Plaintiff failed to allege a violation of his substantive due process rights.  Accordingly, the magistrate judge recommended allowing only Plaintiff's procedural due process claims related to the fourth and fifth disciplinary proceedings and based on Defendant Steward's alleged impartiality to proceed.

### III.   ANALYSIS

#### A.   Defendant Forbes

Plaintiff argues that the magistrate judge erred by finding his claims against Defendant Forbes are barred by the CGIA.  The Court is not persuaded.

Under Colorado law, a public employee such as Defendant Forbes is immune from tort liability within the scope of her employment "unless the act or omission causing injury was willful and wanton."  Colo. Rev. Stat. § 24-10-118(2)(a); *see also Castaldo v. Stone*, 192 F. Supp. 2d 1124, 1139 (D. Colo. 2001) ("A public employee may only be held liable for conduct that is willful and wanton . . . .").  Willful and wanton conduct is "conduct purposefully committed which the actor must have realized as dangerous, done heedlessly and recklessly, without regard to the consequences, or the rights and safety of others, particularly the plaintiff."  Colo. Rev. Stat. § 13-21-102(1)(b); *see also A.B. ex rel. B.S. v. Adams-Arapahoe 28J Sch. Dist.*,

831 F. Supp. 2d 1226, 1258 (D. Colo. 2011). "Failure to plead the factual basis of an allegation that an act or omission of a public employee was willful and wanton shall result in dismissal of the claim for failure to state a claim upon which relief can be granted." Colo. Rev. Stat. § 24-10-110(5)(b). "[A] plaintiff must plead specific facts to show or raise an inference that the defendant's conduct was specifically calculated to cause the alleged harm or that defendant was aware her conduct would cause the alleged harm." *McDonald v. Wise*, 769 F.3d 1202, 1218 (10th Cir. 2014) (quotation omitted).

Here, the allegation that Defendant Forbes shared her concern about Plaintiff's AR-15 purchase with other university staff does not provide a factual basis for establishing willful and wanton conduct. Plaintiff contends he was suspended and placed under surveillance and that he experienced "stigmatization, damaged reputation, anxiety, depression" (ECF No. 62 at 10) as a result of Defendant Forbes' disclosure, and he argues such harm was foreseeable under the circumstances. But while foreseeability is generally an important factor in analyzing negligence claims, *see Westin Operator, LLC v. Groh*, 2015 CO 25, ¶ 33 n.5, it does not, without more, equate to a specific factual basis establishing willful and wanton conduct under the CGIA.

Plaintiff's reliance on Defendant Forbes' alleged breach of a "non-disclosure agreement" is misplaced. As the magistrate judge explained, the signed document Plaintiff cites is essentially a notice of his rights as a patient and is not an actual contract. (*See* ECF No. 61 at 8 ("This document contains no promises, bargains, or mention of consideration.").) Nor does the allegation that Defendant Forbes did not consider Plaintiff to be threatening render her disclosure about the AR-15 willful and wanton for purposes of the CGIA. Plaintiff has not pled sufficient

facts in the Amended Complaint that would support an inference that Defendant Forbes acted heedlessly and recklessly without regard to Plaintiff's rights.[1]

### B.     Defendant Steward

Plaintiff does not object to the magistrate judge's determination that some of his due process claims are barred by the applicable statute of limitations.  The Court discerns no error with respect to the magistrate judge's determinations related to these claims.  The Court turns next to whether the magistrate judge properly determined Defendant Steward is entitled to qualified immunity with respect to the remaining procedural due process claims premised on Plaintiff's fourth and fifth disciplinary proceedings.

Liberally construing Plaintiff's Amended Complaint, the magistrate judge extrapolated eleven potential "procedural infirmities" related to the disciplinary proceedings that might raise procedural due process concerns:

1.     Failing to provide the identities of any witnesses;
2.     Preventing Plaintiff from cross-examining witnesses;
3.     Conducting a hearing by telephone;
4.     Preventing Plaintiff from recording the hearings;
5.     Refusing to provide a transcript of the hearings;
6.     Failure to provide Plaintiff with the evidence against him;
7.     Not affording Plaintiff a presumption of innocence;
8.     Failing to provide Plaintiff with an attorney;
9.     Proceeding with the hearing while Plaintiff's criminal case was ongoing;
10.    Failing to provide written finding[s] of fact; and
11.    Depriving him of an impartial tribunal.

---

[1] Although not relied upon by the magistrate judge, Defendant's failure to comply with the CGIA's notice requirement, Colo. Rev. Stat. § 24-10-109, provides an alternate ground for dismissing this claim.  *See* Colo. Rev. Stat. § 24-10-118(1)(a) (stating that compliance with the notice requirement "shall be required whether or not the injury sustained is alleged in the complaint to have occurred as the result of the willful and wanton act of such employee"); *see also* § 24-10-109(1) ("Any person claiming to have suffered an injury by a public entity or by an employee thereof while in the course of such employment, whether or not by a willful and wanton act or omission, shall file a written notice as provided in this section . . . ."); *Aspen Orthopaedics & Sports Med., LLC v. Aspen Valley Hosp. Dist.*, 353 F.3d 832, 839 (10th Cir. 2003) (noting that Colorado courts strictly construe the notice requirement and that compliance is a jurisdictional prerequisite to suit).

(ECF No. 61 at 14.)  With respect to the first ten listed items, the magistrate judge determined Plaintiff could not meet his burden of showing he had a clearly established right to such procedures.[2]  The Court agrees with the magistrate judge's conclusion that 34 C.F.R. § 106.45, entitled "Grievance process for formal complaints of sexual harassment," does not apply here.  In his Objection, Plaintiff argues that the magistrate judge "overlooked" other sections of Part 106, including §§ 106.6 and 106.11.  But the purpose of this entire part is to eliminate "discrimination on the basis of sex in any education program or activity receiving Federal financial assistance." 34 C.F.R. § 106.1.  This case has nothing to do with discrimination based on sex, so these arguments, too, are unavailing.

## IV.   CONCLUSION

Therefore, the Court OVERRULES Plaintiff's Objection (ECF No. 62), ACCEPTS the Recommendation (ECF No. 61), and GRANTS IN PART and DENIES IN PART Defendant's Motion to Dismiss (ECF No. 25), as stated above.

DATED this 1st day of June, 2021.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge

---

[2] Defendants did not object to the Recommendation, nor do they contend that Plaintiff lacks a clearly established right to an impartial tribunal in school disciplinary proceedings.  Accordingly, qualified immunity does not bar the case from going forward on Plaintiff's procedural due process claim against Defendant Steward premised on the right to an impartial tribunal.