IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-02660-RM-SKC

CHADWICK JORDAN,

    Plaintiff,

v.

DAVID STEWARD,

    Defendant.

---

**PROPOSED SCHEDULING ORDER**

---

### 1. DATE OF CONFERENCE AND APPEARANCE OF COUNSEL AND PRO SE PARTIES

The Scheduling/Planning Conference was held telephonically on July 8, 2021, at 10:00 a.m. before Magistrate Judge S. Kato Crews.

Appearing for the Plaintiff: Chadwick Jordan, pro se, 98 South Emerson Street, Apartment 101, Denver, Colorado 8029, 720-276-5377. Email: princeofwadesboro@gmail.com.

Appearing for the Defendants: Skippere Stewart Spear, Senior Assistant Attorney General, and Patrick Warwick-Diaz, Assistant Attorney General, Colorado Department of Law, Ralph L. Carr Colorado Judicial Center, 1300 Broadway, Denver, Colorado 80203, 720-508-6140 and 720-508-6124. Email: skip.spear@coag.gov and Patrick.warwick-diaz@coag.gov.

### 2. STATEMENT OF JURISDICTION

Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, federal questions jurisdiction.

### 3. STATEMENT OF CLAIMS AND DEFENSES

a. <u>Plaintiff</u>:

The Plaintiff asserts: (1) David Steward, while in his individual capacity violated his Procedural Due Process Rights, by not acting as an impartial adjudicator and under C.F.R. § 42, the ten-day suspensions were not de minimis. Only in; emergency situations could the plaintiff be removed from the school. Also David steward violated the plaintiff due process by not following his universities polices and procedures, by using separate criminal proceedings.

b. <u>Defendant</u>:

Defendant generally denies plaintiff's allegations and asserts that he acted as an impartial decision-maker throughout the underlying disciplinary process.

### 4. UNDISPUTED FACTS

The parties have not agreed on any undisputed facts.

### 5. COMPUTATION OF DAMAGES

Plaintiff claims the following categories of damages:

Special Damages-Steward should have known their actions while in individual capacity would harm the plaintiff. Future Damages-anxiety, depression relating thereto, as an element of recovery and future suffering. Also, legal fees. Permanent damages- The plaintiff's quality of life and earnings potential is permanently diminished. The plaintiff has trust issues now. Prospective Damages- Its much more difficult for the plaintiff to enjoy life, receive a post education and maintain healthy relationships due to Steward and Forbes actions. The plaintiff's PTSD has also been exacerbated. Proximate Damages- It was foreseeable the plaintiff would be expelled, loose both his jobs, have a damaged reputation, he would have to dispute these allegations and his career be negatively impacted by Stewards actions. Actual Damages- The

plaintiff lost his car, apartment with personal items inside, and his career. And the plaintiff had to pay attorney fees. Due to Stewards actions. Monetary Damages- The plaintiffs lost his job at the VA and DKS&H, and his earning potential as an accountant. The plaintiff lost his chance to compete on a fair footing. The Plaintiff request new hearings in case 201700601 and 2017094401, and he be reinstated as a student. Due to Stewards. Hedonic Damages- The plaintiff loss pleasure in his life and now has hard time trusting public officials. Due to Stewards actions. General Damages-The plaintiff has mental anguish and suffering and also lost his reputation. Punitive Damages-Steward acted willfully and wantonly when recklessly violating the plaintiff's constitutional rights. Their actions are reprehensible. Putative Damages- There are damages alleged but unproved. Substantial Damages- the Plaintiff lost his lively hood and career. Nominal Damages- The plaintiff is forced to fight Stewards constitutional violations of his rights and the effects of Stewards Due process violations. Irreparable Damages- The plaintiff was expelled due to Stewards Due process violations. The plaintiff is now stigmatized for the rest of his life. The plaintiff's PTSD from OIF was also exacerbated. Once again this is all due to the willful and wanton conduct Stewards actions. Tort Damages Monetary compensation for tangible and intangible harm to the plaintiff and his property due to the willful and wanton conduct of Stewards actions. Uncertain Damages- Damages not clearly the result of wrong. Trimble Damages. Intentional Infliction of Emotional Distress- due to the willful and wanton conduct of Steward expelling the plaintiff without due process. Remand to the University for new hearings in cases 201700601 and 2017094401. Reinstatement of plaintiff as a student, and expulsion wiped of record.

  Defendant intends to seek recovery of his attorney fees and costs incurred in the defense of this action.

**6. REPORT OF PRECONFERENCE DISCOVERY AND
MEETING UNDER FED. R. CIV. P. 26(f)**

a. <u>Date of Rule 26(f) meeting</u>.

The meeting took place June 28 and 30, and July 1, 2021. The parties discussed this scheduling order, and their opposing opinions about the merits of this lawsuit.

b. <u>Names of each participant and party he/she represented</u>.

Chadwick Jordan, pro se.

Skip Spear and Patrick Warwick-Diaz on behalf of the Defendants.

c.-d. <u>Statement as to when Rule 26(a)(1) disclosures were made or will be made</u>.

Plaintiff proposes making initial disclosures by March 2, 2022

Defendant made his initial disclosures on December 11, 2020.

e. <u>Statement concerning any agreements to conduct informal discovery</u>.

The parties prefer to conduct formal discovery.

f. <u>Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system</u>.

The parties agree to use a unified exhibit numbering system during depositions. Any other agreements to reduce the costs of discovery will be reported to the Court at the time the agreement is reached.

g. <u>Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form</u>.

The parties anticipate that the claims and defenses may involve electronically stored information such as emails and computerized student records and that some disclosure or discovery will involve information of records maintained in electronic form. The parties do not anticipate that there is a significant amount of electronically stored information. The parties agree that no

4

specific or unique protocols are necessary in regard to collecting and identifying relevant materials. The parties will work together to facilitate the discovery of such information and limit any associated costs and delay. All electronically stored information will be produced in its native format, to the extent possible and not unduly burdensome, and subject to claims of privilege as set forth in the Federal Rules of Civil Procedure and common law.

    h.    <u>Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case</u>.

The parties do not believe settlement is possible at this time.

### 7. CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

### 8. DISCOVERY LIMITATIONS

    a.    <u>Modifications which any party proposes to the presumptive number of depositions or interrogatories contained in the Federal Rules</u>.

The parties propose the following modifications to the presumptive number of depositions or interrogatories contained in the Federal Rules: each side may serve up to fifteen (15) interrogatories, including discrete subparts.

Plaintiff proposes each side may take ten (10) depositions, including experts, and Defendant proposes that each side may take three (3) depositions, including experts.

    b.    <u>Limitations which any party proposes on the length of depositions</u>.

One day of seven (7) hours for party depositions. Depositions of nonparties shall not exceed 4 hours.

    c.    <u>Limitations which any party proposes on the number of requests for production and/or requests for admission</u>.

The parties propose the following modifications to the presumptive number of requests for production and admissions contained in the Federal Rules: each side may serve up to fifteen

(15) requests for production and twenty-five (25) requests for admission *per side*.

    d.  <u>Other Planning or Discovery Orders</u>.

The parties will consider requesting any planning or discovery orders as necessary.

### 9. CASE PLAN AND SCHEDULE

    a.  <u>Deadline for Joinder of Parties and Amendment of Pleadings</u>.

Plaintiff proposes that joinder of parties and amendment of pleadings be completed by September 12, 2022.

Defendant proposes that joinder of parties and amendment of pleadings be completed by August 12, 2021.

    b.  <u>Discovery Cut-off</u>:

Plaintiff proposes that discovery be completed on or before September 12, 2022.

Defendant proposes that discovery be completed on or before November 8, 2021.

    c.  <u>Dispositive Motion Deadline</u>:

Plaintiff proposes that dispositive motions be due on or before March 23, 2022.

Defendant proposes that dispositive motions be due on or before December 8, 2021.

    d.  <u>Expert Witness Disclosure</u>.

        1.  <u>The parties shall identify anticipated fields of expert testimony, if any</u>.

Plaintiff: _____.

Defendant: Defendant does not anticipate the need for expert testimony at this time but reserves the right to present rebuttal testimony.

        2.  <u>Limitations which the parties propose on the use or number of expert witnesses</u>.

Plaintiff proposes three experts per side.

Defendant proposes one expert per side.

        3.  <u>Affirmative Expert Disclosures.</u>

Plaintiff proposes that the parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before January 2, 2022.

Defendant proposes that the parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before September 8, 2021.

This includes disclosure of information applicable to "Witnesses Who Must Provide a Written Report" under Rule 26(a)(2)(B) and information applicable to "Witnesses Who Do Not Provide a Written Report" under Rule 26(a)(2)(C).

4. Rebuttal Expert Disclosures.

Plaintiff proposes that the parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before February 2, 2022.

Defendant proposes that the parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before October 8, 2021.

This includes disclosure of information applicable to "Witnesses Who Must Provide a Written Report" under Rule 26(a)(2)(B) and information applicable to "Witnesses Who Do Not Provide a Written Report" under Rule 26(a)(2)(C).

Notwithstanding the provisions of Fed. R. Civ. P. 26(a)(2)(B), no exception to the requirements of the Rule will be allowed by stipulation unless the stipulation is in writing and approved by the court. In addition to the requirements set forth in Rule 26(a)(2)(B)(I)-(vi), the expert's written report also must identify the principles and methods on which the expert relied

in support of his/her opinions and describe how the expert applied those principles and methods reliably to the facts of the case relevant to the opinions set forth in the written report.

e. <u>Identification of Persons to Be Deposed</u>:

Plaintiff anticipates deposing the following:

| Name of Deponent | Date of Deposition | Time of Deposition | Expected Length of Deposition |
|---|---|---|---|
| Defendant Dave Steward | TBD | TBD | 7 Hrs |
| Lisa Forbes | TBD | TBD | 7 Hrs |
| Kristen Kushmider | TBD | TBD | 7 Hrs |
| William Dewese | TBD | TBD | 7 Hrs |
| Brook Farley | TBD | TBD | 7 Hrs |
| Kim Franklin | TBD | TBD | 7 Hrs |
| Katherine K. McMann | TBD | TBD | 7 Hrs |
| Officer Aldridge | TBD | TBD | 7 Hrs |
| Montgomery Omar | TBD | TBD | 7 Hrs |
| Other Deponents who become known through Discovery or otherwise | TBD | TBD | 7 Hrs |

Defendant anticipates deposing the following:

| Name of Deponent | Date of Deposition | Time of Deposition | Expected Length of Deposition |
|---|---|---|---|
| Plaintiff Cadwick Jordan | TBD | TBD | 7 Hrs |
| Other Deponents who become known through Discovery or otherwise | TBD | TBD | 7 Hrs |

f. <u>Deadline for interrogatories</u>:

Plaintiff proposes January 4, 2022.

Defendant proposes October 4, 2021.

g. <u>Deadline for Requests for Production of Documents and/or Admissions</u>:

Plaintiff proposes January 4, 2022.

Defendant proposes October 4, 2021.

**10. DATES FOR FURTHER CONFERENCES**

  a. <u>Status conferences will be held in this case at the following dates and times</u>:

                                    .

  b. <u>A final pretrial conference will be held in this case at the following dates and times</u>:

On _____ at ____ o'clock _____.m. A final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

## 11. OTHER SCHEDULING MATTERS

  a. <u>Identify those discovery or scheduling issues, if any, on which the parties after a good faith effort, were unable to reach an agreement</u>.

None at this time.

  b. <u>Anticipated length of trial and whether trial is to the court or jury</u>.

The parties anticipate a 2-day jury trial on claims so triable.

  c. <u>Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Road Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, 103 Sheppard Drive, Durango, Colorado 81303-3439</u>.

None.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

9

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

### 13. AMENDMENTS TO SCHEDULING ORDER

The scheduling order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this _____ day of _____, 2021.

BY THE COURT:

_____
United States Magistrate Judge

APPROVED:

*s/ Chadwick Jordan*
Chadwick Jordan
98 South Emerson Street, Apt. 101
Denver, CO 8029
Phone: 720-276-5377
princeofwadesboro@gmail.com

*/s/ Skip Spear*
Skippere Spear
Senior Assistant Attorney General
1300 Broadway, 6th Floor
Denver, CO 80203
Phone: 720-508-6615
skip.spear@coag.gov

## CERTIFICATE OF SERVICE

I hereby certify that on July 1, 2021, I submitted the foregoing PROPOSED SCHEDULING ORDER to the following email addresses:

Chadwick Jordan
princeofwadesboro@gmail.com

*s/ Skip Spear*
Skip Spear
