**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 19-cv-02660-RM-SKC

CHADWICK JORDAN,

    Plaintiff,

v.

LISA FORBES, and
DAVID STEWARD,

    Defendants.

---

**ORDER**

---

Before the Court is Plaintiff's Motion for Reconsideration (ECF No. 67), seeking relief pursuant to Fed. R. Civ. P. 59(e) from the Court's Order dismissing Plaintiff's claims against Defendant Forbes. The Motion has been fully briefed (ECF Nos. 69, 79) and is denied for the reasons below.

**I.    LEGAL STANDARD**

Grounds for granting relief under Rule 59(e) include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. *Monge v. RG Petro-Mach. (Grp.) Co.*, 701 F.3d 598, 611 (10th Cir. 2012). But such a motion "cannot be used to expand a judgment to encompass new issues which could have been raised prior to issuance of the judgment." *Sprint Nextel Corp. v. Middle Man, Inc.*, 822 F.3d 524, 536 (10th Cir. 2016) (quotation omitted).

## II.     BACKGROUND

Plaintiff alleges that Defendant Forbes, a psychotherapist who worked for the University of Colorado-Denver, disclosed to other university staff information Plaintiff told her in confidence, including the fact that he owned an AR-15 style rifle.  On June 1, 2021, the Court accepted the magistrate judge's Recommendation to dismiss Plaintiff's claims against Defendant Forbes, a public employee, because they were barred by the Colorado Governmental Immunity Act ("CGIA").  The Court agreed with the magistrate judge's determination that the allegations did not show Defendant Forbes acted heedlessly or recklessly without regard to Plaintiff's rights.  The Court also noted that these claims were subject to dismissal on the alternative basis that Plaintiff failed to comply with the CGIA's notice requirement.

## III.    ANALYSIS

In his Motion, Plaintiff argues that the Court failed to consider his Reply to Defendants' Response to his Objection to the Recommendation, which was filed two days after the Court issued its Order accepting the Recommendation.  However, Fed. R. Civ. P. 72(b) does not provide for a reply brief, and Plaintiff cites no other authority for the proposition that he had a right to file a reply.  Moreover, nothing in the Reply persuades the Court that its Order was in error.  Accordingly, the Court discerns no basis for relief.

Plaintiff also argues, as he has throughout this case, that the form he and Defendant Forbes signed was a non-disclosure agreement.  But the Court has already determined that the disclosure statement at issue is not a contract.  Plaintiff's continued insistence on this point does not make it so, and the Court discerns no manifest injustice with respect to the analysis set forth in either the magistrate judge's Recommendation or the Court's Order adopting it.

Plaintiff next argues that he complied with CGIA's notice requirement, referencing a document attached to his Reply that was also included in his initial disclosures. (*See* ECF Nos. 51-4, 66-1.) This does not constitute new evidence that was previously unavailable for purposes of Fed. R. Civ. P. 59(e). And in any event, the failure to comply with the notice requirement was an alternative basis for dismissing the claims against Defendant Forbes. Thus, no relief is available based on this evidence.

Finally, Plaintiff argues that the Order erroneously reflects that he was being required to see Defendant Forbes. But even if he is correct, that is not a material fact that would change the outcome of his case. As a result, the Court declines to reconsider this aspect of its Order.

## IV.   CONCLUSION

Therefore, the Court DENIES Plaintiff's Motion (ECF No. 67).

DATED this 5th day of October, 2021.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge