IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge S. Kato Crews

Civil Action No. 1:19-cv-02660-RM-SKC

CHADWICK JORDAN,

       Plaintiff,

v.

DAVID STEWARD,

       Defendant.

## RECOMMENDATION RE: MOTION TO AMEND (DKT. 110)

The facts underlying this case are well established at this point, and therefore, the Court does not include the entire recitation, but rather incorporates herein the previous descriptions. Dkts. 20, 61, 64.[1] In brief, Plaintiff Chadwick Jordan was involved in several disciplinary actions while enrolled at the University of Colorado-Denver, and he was ultimately expelled from the school. Dkt. 17. Plaintiff initiated this case on September 17, 2019, by filing a 190-page complaint. Dkt. 1. At the direction of the Court, he submitted three more amended complaints. Dkts. 9, 11, 14. Unprompted, Plaintiff then filed a Fourth Amended Complaint on January 28, 2020,

---

[1] The Court uses "Dkt. __." to refer to specific docket entries in CM/ECF.

1

which is the operative pleading. Therein, he asserted claims against David Steward, Kristin Kushmider, and Dr. Lisa Forbes. Dkt. 17.

District Judge Gordon Gallagher, who served in the magistrate judge role at the time, recommended Plaintiff's due process claim against Defendant Kushmider be dismissed because she could not be held liable under a theory of *respondeat superior* Dkt. 20. Senior District Judge Louis Babcock adopted the recommendation and dismissed Defendant Kushmider from the action. Dkt. 22. The case was then redrawn to District Judge Raymond Moore and the undersigned in the referral role.

Defendants Steward and Forbes filed a Motion to Dismiss Plaintiff's claims against them because the official capacity claims were barred by the Eleventh Amendment and the individual capacity claims failed to articulate any entitlement to relief. Dkt. 25. In his Response, Plaintiff specifically denied he was seeking relief based on official capacity, and therefore, the Court did not address Defendants' arguments regarding sovereign immunity. Dkt. 32, 61. The Court also agreed Plaintiff failed to state a claim against Dr. Forbes because Plaintiff's tort claims were barred by the Colorado Governmental Immunity Act (CGIA). Dkt. 61 at pp. 6-10. Construing the Fourth Amended Complaint liberally, the Court recommended—and Judge Moore agreed—Plaintiff be permitted to proceed on a single claim against Defendant Steward for allegedly depriving Plaintiff of his procedural due process right to an impartial tribunal. *Id*. at pp. 10-18. The case has proceeded with this

2

single claim since June 1, 2021, when Judge Moore adopted this Court's Recommendation. Dkt. 64.

Plaintiff now seeks leave to file a Fifth Amended Complaint, which would again add Defendants Kushmider and Forbes as well as all the dismissed allegations (and then some) against them and Defendant Steward.[2] The Court has reviewed the proposed Fifth Amended Complaint, the Motion and related briefing, and the relevant law. No hearing is necessary. For the following reasons, the Court recommends Plaintiff's Motion be denied.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The purpose of Rule 15(a) unquestionably is to facilitate a decision on the merits. *Bob Marshall All. v. Lujan*, 804 F. Supp. 1292, 1298 (D. Mont. 1992) (noting the court's exercise of discretion must "be guided by the underlying purpose of Rule 15 – to facilitate decision on the merits, rather than on the pleadings or technicalities"). To that end, motions to amend should be freely granted when justice requires. *See, e.g., Bellairs v. Coors Brewing Co.*, 907 F. Supp. 1448, 1459 (D. Colo. 1995). But in considering the "needs of justice," the Court must take into consideration the interests of all parties.

---

[2] Because Plaintiff proceeds *pro se*, the Court liberally construes his filings, but it does not act as his advocate. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

3

> Several factors are typically considered by the courts in determining whether to allow amendment of a complaint. These include whether the amendment will result in undue prejudice, whether the request was unduly and inexplicably delayed, was offered in good faith, or that the party had sufficient opportunity to state a claim and failed. Where the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial.

*Las Vegas Ice & Cold Storage Co. v. Far W. Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990) (internal citation omitted); *see also Arkansas-Platte & Gulf P'ship v. Dow Chem. Co.*, 886 F. Supp. 762, 765 (D. Colo. 1995) ("Leave to amend should be freely given based on the balancing of several factors, including futility, delay, bad faith, dilatory motive, repeated failure to cure deficiencies, and prejudice to the opposing party.").

## ANALYSIS

### A.   Kristin Kushmider

In his proposed pleading, Plaintiff now seeks to assert claims against Defendant Kushmider in her official capacity only. Dkt. 110-1. But an official capacity claim is the same as asserting a claim against the entity—here the State of Colorado. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 n.55 (1978) ("official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent"). And the Eleventh Amendment to the United States Constitution provides that federal courts may not hear suits against state entities absent a waiver of the state's immunity. *See, e.g., Tennessee v. Lane*, 541 U.S. 509, 517 (2004).

4

In this Circuit, it is well-settled that the University of Colorado is a state entity capable of claiming Eleventh Amendment immunity. *See Sturdevant v. Paulsen*, 218 F.3d 1160, 1170 (10th Cir. 2000) ("the University of Colorado is an arm of the state"); *Rozek v. Topolnicki*, 865 F.2d 1154, 1158 (10th Cir. 1989). Although this immunity is subject to exceptions, it is undisputed that Colorado has not waived its Eleventh Amendment immunity. *See Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988) (holding the Colorado Governmental Immunity Act does not waive the State's Constitutional immunity; affirming dismissal of claims against the State and its Department of Corrections). It is also undisputed that 42 U.S.C. § 1983 does not abrogate a state's Eleventh Amendment immunity. *Quern v. Jordan*, 440 U.S. 332, 345 (1979). Because Plaintiff would proceed against Defendant Kushmider in her official capacity only, his proposed claims against her for damages are futile.[3]

Regarding Plaintiff's request for prospective relief in the form of expunging his student record, the Court cannot conclude the *Ex parte Young* exception applies to Defendant Kushmider. *Ex parte Young* creates an exception to Eleventh Amendment immunity for a suit against a state official that "seeks prospective relief for the official['s] ongoing violation of federal law." *Harris v. Owens*, 264 F.3d 1282, 1290 (10th Cir. 2001); *see also Johnson v. W. State Colo. Univ.*, 71 F. Supp. 3d 1217 (D.

---

[3] Even if Plaintiff intended to proceed against her in her individual capacity, his proposed pleading does not add any additional allegations that would address Judge Gallagher's previous reasoning regarding *respondeat superior*. Thus, the Court incorporates that analysis here as an alternative basis to deny Plaintiff's request to amend. *See* Dkt. 20.

5

Colo. 2014) ("a request to expunge an academic record is a request for prospective relief" and not barred by the Eleventh Amendment"). "However, one requirement for proceeding under *Ex parte Young* is that the defendant be an individual state official (not the state itself) charged with enforcing whatever law is at issue." *Doe v. Univ. of Colorado, Boulder through Bd. of Regents of Univ. of Colorado*, 255 F. Supp. 3d 1064, 1082 (D. Colo. 2017) (citing *Kitchen v. Herbert*, 755 F.3d 1193, 1201–02 (10th Cir. 2014) and *Peterson v. Martinez*, 707 F.3d 1197, 1205 (10th Cir. 2013)).

Although Plaintiff's proposed pleading alleges, in conclusory fashion, that Defendant Kushmider is a "final decisionmaker," it is not at all clear what she purportedly has final decision-making authority over because Plaintiff alleged no facts in support of this conclusory allegation. It is Plaintiff's burden to establish subject matter jurisdiction and he has not sufficiently alleged Defendant Kushmider has any authority over the final determination regarding Plaintiff's expulsion or that she would have the authority to expunge it from his record. Thus, the Court recommends Plaintiff's request to reassert claims against Defendant Kushmider be denied.

**B.    Dr. Lisa Forbes**

Despite the Court's previous analysis regarding Plaintiff's ability to assert tort claims against Colorado governmental employees, Plaintiff's proposed pleading asserts claims for "breach of duty of care," "breach of confidence," "malpractice," "breach of fiduciary duty," "breach of professional competency," "breach of promise,"

6

"breach of loyalty," and "breach of trust," against Dr. Forbes, a Colorado governmental employee. *See* Dkt. 110-1 at pp.10-15.

Setting aside whether many of these claims are cognizable causes of action, they all arise from Plaintiff's allegations that Dr. Forbes committed malpractice and breached her duties of care and confidence, which are claims sounding in tort. *Town of Alma v. AZCO Const., Inc.*, 10 P.3d 1256, 1263 (Colo. 2000) ("[S]ome special relationships by their nature automatically trigger an independent duty of care that supports a tort action even when the parties have entered into a contractual relationship (i.e., attorney-client relationship, physician-patient relationship, insurer-insured relationship)."); *Robert C. Ozer, P.C. v. Borquez*, 940 P.2d 371 (Colo. 1997) (recognizing a tort claim for invasion of privacy in nature of unreasonable publicity given to one's private life). But the CGIA grants public employees immunity from tort liability for any act or omission undertaken in the scope of their employment, except for acts done willfully or wantonly. Colo. Rev. Stat. § 24-10-118(2)(a).

Plaintiff's allegations regarding Dr. Forbes' alleged "willful and wanton" behavior fare no better in this proposed pleading than they did in its previous iteration. Despite repeatedly stating Dr. Forbes knew or was aware her actions would harm Plaintiff, these again are little more than naked assertions unsupported by related factual allegations, and therefore, the Court is not bound to accept them as

7

true. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff's allegation that Dr. Forbes acted "maliciously" is similarly bare and conclusory.

Further, as Judge Moore noted in his Order adopting the Court's previous recommendation, Plaintiff has still not pleaded compliance with the CGIA notice requirement, Colo. Rev. Stat. § 24-10-109. "Colorado courts strictly construe section 24-10-109(1) and consistently hold that complying with the notice of claim as set forth in section 24-10-109(1) is a jurisdictional prerequisite to suit." *Aspen Orthopaedics & Sports Med., LLC v. Aspen Valley Hosp. Dist.*, 353 F.3d 832, 839 (10th Cir. 2003) (cleaned up); *see also Kratzer v. Colorado Intergovernmental Risk Share Agency*, 18 P.3d 766, 769 (Colo. App. 2000) ("[A] claimant must allege in his or her complaint that the claimant has complied with the jurisdictional prerequisite of filing of a notice of claim.") (citations omitted). Therefore, even if he had included sufficient allegations to plausibly support his allegations of willful and wanton conduct, Plaintiff's claims against Dr. Forbes would still be barred by Plaintiff's failure to comply with the CGIA. For these reasons, the Court recommends his request to amend to add Dr. Forbes be denied.

## C. David Steward

Finally, the Fifth Amended Complaint also seeks to reassert Plaintiff's previously dismissed claims of substantive and procedural due process against

8

Defendant Steward.[4] In addition, Plaintiff now seeks to hold Steward liable in his official capacity. Dkt. 110-1 at pp.2-10.

With respect to substantive due process, Plaintiff's proposed allegations continue to challenge the manner in which he was suspended and expelled—as opposed to the fact of his suspension or expulsion. *See* Dkt. 61 at pp.17-18. Thus, he has again failed to sufficiently allege a violation of his substantive due process rights and any attempt to add such a claim would be unavailing.[5]

The Court now turns to Plaintiff's proposed claim for violation of procedural due process. As an initial matter, this claim does not comply with Federal Rule of Civil Procedure 8, which requires litigants to provide a short and *plain* statement of claims and mandates "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Most of Plaintiff's proposed allegations, however, are prolix and nearly unintelligible and the Court recommends denial on that basis alone. *See Robledo-Valdez v. Colorado Dep't of Corr.*, No. 20-cv-00247-WJM-NRN, 2020 WL 8834795, at

---

[4] Plaintiff also includes claims for "deliberate indifference" and "erroneous outcome." Dkt. 110-1 at p.2. Deliberate indifference, however, implicates the Eighth Amendment prohibition against cruel and unusual punishment in the context of incarcerated persons. It has no applicability to the allegations here, despite Plaintiff's subsequent and present incarceration. And the Court is unaware of any discrete claim for "erroneous outcome" apart from the general proposition in litigation that a party has been wronged.

[5] The proposed pleading, like the operative complaint, makes passing reference to race-based motivations for Plaintiff's expulsion. *See* Dkt. 110-1 at ¶3. Without supporting factual allegations to nudge this assertion across the line from possible to plausible, the Court incorporates its previous substantive due process analysis, Dkt. 61 at pp.17-18, and concludes this claim would also be futile.

9

*2 (D. Colo. Dec. 11, 2020), *report and rec. adopted*, 2021 WL 672494 (D. Colo. Feb. 22, 2021) ("[T]he Tenth Circuit has held that a complaint can run afoul of Rule 8 through unnecessary length and burying of material allegations in a morass of irrelevancies.").

Nevertheless, as it did with the operative complaint, the Court has foraged the allegations to discern what procedural defects purportedly violated Plaintiff's constitutional right to due process. Plaintiff has included all previously dismissed defects, including those barred by the statute of limitations, and a list of cases to support his position he was entitled to these procedures.[6] Dkt. 110-1 at p.6. The Court has reviewed these cases and cannot conclude they clearly establish a right to those dismissed procedures. To be sure, in *Watson v. Beckel*, 242 F.3d 1237 (10th Cir. 2001), the Tenth Circuit specifically rejected the expelled student's argument he was entitled to "written notice specifying the charges, legal counsel, the presentation of evidence, the right to cross-examine witnesses, an impartial board, a transcript of the hearing, and independent review of the decision." *Id.* at 1242-43.[7] Thus, Defendant

---

[6] The only new allegation regarding Defendant Steward appears to be Plaintiff's bare contention that Steward "fabricates information and literally makes it all up as he goes along." But Plaintiff does not indicate what information or evidence was fabricated. To be sure, given Plaintiff's access to at least some evidence and his stated intent to "bring [the complaint] in line with the evidence," the Court would expect more specificity in this regard. Without it, this assertion is too conclusory to support any potential due process violation.

[7] Plaintiff's citation to *McDonald v. Wise*, 769 F.3d 1202 (10th Cir. 2014), is unavailing because it arose in an employment context and an employee's right to a "name-clearing hearing" and did not implicate a student's right to due process prior to

Steward, in his individual capacity, would still be entitled to qualified immunity on these reasserted claims.

Regarding Plaintiff's proposed claim against Steward in his official capacity, and his request to have his student record expunged, the Court concludes—like it did with Defendant Kushmider—Plaintiff has not plausibly alleged Steward's authority over Plaintiff's student record. Indeed, Plaintiff's allegations suggest he appealed his suspension and expulsion to some unidentified body that upheld those decisions. Dkt. 110-1 at ¶¶15, 29-31. Consequently, Plaintiff has not established the *Ex parte Young* exception applies to Steward in his official capacity and the proposed claims against him are barred by the Eleventh Amendment. *Doe*, 255 F. Supp. 3d at 1082.

*       *       *

For the reasons shared above, the Court respectfully recommends Plaintiff's Motion to Amend be denied.[8]

---

suspension or expulsion. And although *A.B. v. Adams-Arapahoe 28J Sch. Dist.*, 831 F. Supp. 2d 1226 (D. Colo. 2011), did arise in the context of a school, it did not involve any student's expulsion or entitlement to due process beforehand. In *Messeri v. DiStafano*, 480 F. Supp. 3d 1157 (D. Colo. 2020), the court did not make any definitive findings regarding the plaintiff's entitlement to particular processes prior to his expulsion, concluding only that there were disputed issues of fact more appropriate for a jury. Similarly, in *Watson v. Bd. of Regents of Univ. of Colo.*, 512 P.2d 1162 (Colo. 1973), the Colorado Supreme Court did not define what processes a nonstudent was entitled to prior to his exclusion from a public university. And in *Doe v. University of Colorado*, 255 F. Supp. 3d 1064 (D. Colo. 2017), the district court concluded Plaintiff failed to establish a clearly established right to, *inter alia*, copy information from the investigative file, present evidence, confront accusers, or cross-examine witnesses.

[8] **Be advised the parties have 14 days after service of this recommendation to serve and file any written objections to obtain reconsideration by the**

DATED: September 12, 2023.

BY THE COURT:

_____

S. Kato Crews
United States Magistrate Judge

---

District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are made. The District Court need not consider frivolous, conclusive, or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within 14 days after being served with a copy may bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).