IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Raymond P. Moore

Civil Action No. 19-cv-02660-RM-SKC

CHADWICK JORDAN,

   Plaintiff,

v.

DAVID STEWARD,

   Defendant.

---

# ORDER

---

Before the Court is the Recommendation of United States Magistrate Judge S. Kato Crews (ECF No. 150) to deny Plaintiff's Motion for Leave to Amend Complaint (ECF No. 110). Plaintiff has filed Objections to the Recommendation. (ECF No. 152.) For the reasons below, the Court accepts the Recommendation, and it is incorporated into this Order by reference, *see* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

I.   LEGAL STANDARDS

   A.   Review of a Magistrate Judge's Recommendation

Pursuant to Fed. R. Civ. P. 72(b)(3), this Court reviews de novo any part of a magistrate judge's recommendation that is properly objected to. An objection is proper only if it is sufficiently specific "to focus the district court's attention on the factual and legal issues that are truly in dispute." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). "In the absence of a timely objection, the district court may review a magistrate's report

under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).

### B. Leave to Amend the Complaint

A party seeking leave to amend after the scheduling order deadline must demonstrate good cause. *See* Fed. R. Civ. P. 16(b)(4). Courts "generally refuse leave to amend only on a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Duncan v. Manager, Dep't of Safety, City & Cty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005). But a motion for leave to amend the complaint should be granted when justice so requires. Fed. R. Civ. P. 15(a)(2). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Gohier v. Enright*, 186 F.3d 1216, 1218 (10th Cir. 1999).

### C. Treatment of a Pro Se Plaintiff's Pleadings

The Court construes pro se pleadings liberally, and they are "held to a less stringent standard than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). "In addition, pro se litigants are to be given reasonable opportunity to remedy the defects in their pleadings." *Hall v. Bellmon*, 935 F.2d 1106, 1110 n.3 (10th Cir. 1991). However, it is not the Court's role to act as a pro se litigant's advocate. *See id.* at 1110.

## II. BACKGROUND

Plaintiff filed this lawsuit, pro se, in September 2019, following his expulsion from the University of Colorado-Denver. He has amended his Complaint four times. (*See* ECF Nos. 9, 11, 14, 17.) The Court has dismissed all Plaintiff's claims except for a procedural due process

claim against Defendant Steward, which is based on the allegation that Plaintiff was denied an impartial tribunal. (*See* ECF Nos. 22, 64.) Plaintiff's current Motion seeks to amend the Complaint a fifth time to "bring it in line with the evidence" (ECF No. 110 at 1) and was referred to the magistrate judge for a Recommendation. After it was fully briefed, the Recommendation was issued.

Liberally construing Plaintiff's pleading, the magistrate judge determined that amendment would be futile to the extent Plaintiff sought to reinstate or assert any claims against former Defendant Kushmider. With respect to former Defendant Forbes, the magistrate judge concluded that Plaintiff's claims were barred by his failure to allege compliance with the notice provisions of the Colorado Governmental Immunity Act ("CGIA"). The magistrate judge further concluded that Plaintiff failed to state any new or revised claim against Defendant Steward. The magistrate judge recommended denial of the Motion for the additional reason that most of Plaintiff's proposed allegations are prolix and nearly unintelligible.

### III.   ANALYSIS

In his Objections, Plaintiff reiterates some of his conclusory allegations but fails to identify any relevant factual averments in his proposed Complaint that the magistrate judge missed or failed to adequately consider. For example, he cites no factual support for either the conclusory assertion that former Defendant Kushmider "had final decision making authority" or the implication that she was directly responsible for his expulsion. (ECF No. 152 at 2.) His conclusory assertion that former Defendant Forbes "acted with willful and wanton conduct" is also devoid of factual support. (*Id.*) Nor does Plaintiff identify factual allegations in his proposed Complaint as to how he complied with the CGIA notice requirement.

In his Objections, Plaintiff also fails to provide any explanation as to why amendment should be considered "timely" in this case that was initiated in 2019. For example, he has not presented new information that he learned through discovery to justify amendment at this late stage. Nor has he explained how the additional allegations he wants to include support the claims he seeks to bring.

In short, Plaintiffs' Objections lack the required specificity to identify which factual and legal issues are in dispute or to show how the magistrate judge erred by issuing the Recommendation. The Court discerns no error in the Recommendation or any basis for sustaining Plaintiff's Objections.

### IV.   CONCLUSION

Therefore, the Court OVERRULES the Objections (ECF No. 152), ACCEPTS the Recommendation (ECF No. 150), and DENIES the Motion to Amend (ECF No. 110).

DATED this 4th day of October, 2023.

BY THE COURT:

_____
RAYMOND P. MOORE
Senior United States District Judge