IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Raymond P. Moore

Civil Action No. 19-cv-02660-RM-SKC

CHADWICK JORDAN,

    Plaintiff,

v.

DAVID STEWARD,

    Defendant.

---

# ORDER

---

This lawsuit brought under 42 U.S.C. § 1983 is before the Court on Plaintiff's Motion for Partial Summary Judgment (ECF No. 156) and Defendant's Motion for Summary Judgment (ECF No. 161). Plaintiff's Motion has been fully briefed (ECF Nos. 167, 172), but Plaintiff filed no response to Defendant's Motion. For the reasons below, Defendant's Motion is granted, and Plaintiff's Motion is denied as moot.

## I.    LEGAL STANDARDS

###    A.    Summary Judgment

Summary judgment is appropriate only if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Gutteridge v. Oklahoma*, 878 F.3d 1233, 1238 (10th Cir. 2018). Applying this standard requires viewing the facts in the light most favorable to the nonmoving party and resolving all factual disputes and reasonable inferences in his favor. *Cillo v. City of Greenwood Vill.*, 739 F.3d 451, 461 (10th Cir. 2013). However, "if the nonmovant bears the burden of persuasion on a claim at trial, summary

judgment may be warranted if the movant points out a lack of evidence to support an essential element of that claim and the nonmovant cannot identify specific facts that would create a genuine issue." *Water Pik, Inc. v. Med-Sys., Inc.*, 726 F.3d 1136, 1143-44 (10th Cir. 2013). "The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (citation omitted). A fact is "material" if it pertains to an element of a claim or defense; a factual dispute is "genuine" if the evidence is so contradictory that if the matter went to trial, a reasonable jury could return a verdict for either party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

**B.    Treatment of a Pro Se Plaintiff's Pleadings**

Because Plaintiff proceeds pro se, the Court liberally construes his pleadings. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). But a pro se plaintiff must follow the same rules of procedure that govern other litigants, and the Court does not supply additional factual allegations to round out a complaint or construct legal theories on his behalf. *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009). The Court may excuse a pro se plaintiff's failure to cite proper legal authority, confusion about various legal theories, poor syntax and sentence construction, or unfamiliarity with pleading requirements, but it does not act as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

**II.    BACKGROUND**

Plaintiff filed this lawsuit in September 2019, following his expulsion from the University of Colorado-Denver ("CU-Denver"). Faced with multiple instances of misconduct by Plaintiff, Defendant, the Director of Student Conduct and Community Standards at CU-Denver, decided first to suspend him and then to expel him.

Plaintiff asserts that he was denied an impartial tribunal in two disciplinary proceedings. Defendant participated in both. First, in August 2017, Defendant initiated the student conduct process after staff from the financial aid office reported that Plaintiff had been rude, aggressive, and argumentative while inquiring about his financial aid. Defendant sent Plaintiff a notice describing the alleged misconduct and explaining the student conduct process. Defendant and Plaintiff then met for a disciplinary conference. Following the conference, Defendant sent Plaintiff his written decision along with information about Plaintiff's right to appeal the decision.

Plaintiff appealed Defendant's decision, but the Vice Chancellor of Student Affairs upheld it. As a result, Plaintiff was suspended from CU-Denver for the fall semester.

Second, in March 2018, Defendant again notified Plaintiff that he was initiating the student conduct process. This time, the alleged misconduct was that Plaintiff had threated to kill someone and that he had recently purchased an assault rifle. Based on the severity of the incident reports and Plaintiff's history, he was immediately suspended. A second disciplinary conference between Defendant and Plaintiff took place by telephone in July 2018, having been postponed due to Plaintiff's intervening arrest. Defendant was aware that Plaintiff had been charged with illegal possession of a firearm, possession with the intent to distribute a controlled substance, and violently threatening his neighbor, and that he pleaded guilty to the controlled substance charge. Defendant determined that Plaintiff had violated multiple provisions of the Student Code of Conduct and decided to expel Plaintiff from campus.

Plaintiff appealed that decision as well. It was upheld by the Dean of Students, who concluded that Plaintiff did not meet any of the appeal criteria. Plaintiff was ultimately expelled from CU-Denver.

Plaintiff filed his Complaint in this matter in September 2019. All his claims have been dismissed except for his procedural due process claim against Defendant, which is based on his assertion that he was denied the right to an impartial tribunal.

### III. ANALYSIS

In his Motion, Defendant argues that Plaintiff has failed to adduce any evidence that he was biased against Plaintiff or that he violated Plaintiff's due process rights. The Court agrees.

Whether an individual's procedural due process rights were violated depends on (1) whether the individual possessed a protected property or liberty interest to which due process protection was applicable, and (2) whether the individual was afforded an appropriate level of process. *Camuglia v. City of Albuquerque*, 448 F.3d 1214, 1219 (10th Cir. 2006). For present purposes, the Court assumes Plaintiff had liberty or property interests that were implicated by his expulsion, leaving only the issue of whether he received the level of process to which he was entitled.

"As essential principle of due process is that a deprivation of life, liberty or property be preceded by notice and opportunity for hearing appropriate to the nature of the case." *Riggins v. Goodman*, 572 F.3d 1101, 1108 (10th Cir. 2009). This standard is flexible and requires only such procedural protections as the situation demands. *Camuglia*, 448 F.3d at 1220.

Here, the Court has little trouble concluding that the process afforded to Plaintiff adequately satisfied due process requirements. He received notice of each of the conduct proceedings and participated in disciplinary conferences with Plaintiff. Further, he exercised his right to appeal the outcomes of those conferences, and each appeal was considered (and upheld) by someone other than Defendant.

Nonetheless, Plaintiff contends his due process rights were violated because Plaintiff was not an unbiased decisionmaker. "Impartiality of the tribunal is an essential element of due process." *Riggins*, 572 F.3d at 1112. However, "a substantial showing of personal bias is required to disqualify a hearing officer or tribunal." *Id.* (quotation omitted). Thus, "a person claiming bias on the part of an administrative tribunal must overcome a presumption of honesty and integrity in those serving as adjudicators." *Id.* (quotation omitted). In his Motion, Defendant points out the absence of any evidence that he was biased against Plaintiff, thereby shifting the burden to Plaintiff to adduce some evidence of bias to survive summary judgment. He has failed to do so.

Not only has Plaintiff failed to respond to Defendant's Motion, but his assertions of bias against Defendant set forth in his various filings fall well short of creating an inference of bias, much less overcoming the presumption of honesty and integrity afforded to Defendant under the circumstances. For example, in his Motion for Summary Judgment, Plaintiff attributes various statements to Defendant, including statements that Plaintiff becomes confrontational when he does not get something he wants. (*See* ECF No. 156 at 1.) But Plaintiff fails to explain how such statements demonstrate bias with respect to the factual issues that were adjudicated in the student conduct proceedings. Nor has Plaintiff shown that Defendant's decisions were the result of actual bias. *Cf. Riggins*, 572 F.3d at 1114 ("The mere showing that a supervisor initially recommended a dismissal and then met with the employee prior to that employee's termination is ordinarily insufficient to establish a constitutional violation."). Statements of belief and other conclusory assertions of bias are insufficient to demonstrate the existence of a genuine issue of material fact. That is, essentially, what Plaintiff's case boils down to. Therefore, on the current record, the Court finds Plaintiff's procedural due process claim fails as a matter of law.

## IV.  CONCLUSION

Defendant's Motion (ECF No. 161) is GRANTED, Plaintiff's Motion (ECF No. 156) is DENIED AS MOOT, and the Clerk is directed to CLOSE this case.

DATED this 21st day of February, 2024.

BY THE COURT:

_____
RAYMOND P. MOORE
Senior United States District Judge